McKinney,
delivered the opinion of the court.
The facts in this case, material to be noticed, are as follows: On the 29th day of July, 1841, George S. Smith contracted with Jay.es S. Holman, for the purchase of certain lands in Texas. To secure the purchase money, in part, four promissory notes were executed by Smith; three of which were, each, for the sum of $506 87, the fourth was for $612 50, and all were due twelve months after date.. Said notes were made payable to N. Hobson, and were by him endorsed for the accommodation of the maker without consideration. Two of said notes were afterwards purchased by the defendant Childress, from a note and bill-broker in Nashville, and another of said notes was, in like manner, purchased by the defendant Bedford; and the remaining note was purchased by the defendant McGavock. Said notes were purchased by the defendants, severally, before due, for value, and without notice of want of consideration, or other equitable defence against them, but at a discount beyond the legal rate of interest, perhaps fifteen to twenty per cent.
*128 George S. Smith, the maker of said notes, died in January, 1842, and his estate being insolvent, a bill was filed by James S. Holeman, for himself and the other creditors of the estate, against the executor, and also against the heirs and devisees of said George S. Smith, to compel a pro rata distribution of the assets among the creditors. And at the October term, 1843, of the chancery court at Franklin, distribution was ordered by the chancellor to be made accordingly among such of the creditors whose claims had been allowed, but upon the condition that bonds should be given to refund, in the event it should be thereafter so decreed. In pursuance of this order, the defendant Childress received upon his two notes, above mentioned, $216 32, defendant McGavock received upon his note $108 1'6, and the defendant Bedford the like sum of $108 16, as their respective pro rata dividends of the estate of said Smith. While this suit was pending, another bill was in progress in the same court,' brought by said N. Hobson, and the other heirs and devisees of George S. Smith’s estate, seeking to have the contract with Holeman, for the purchase of said lands, rescinded upon the grounds of fraud, and want of title in Holeman, and also, asking to have the four notes purchased by'the defendants, Childress,'McGavock and Bedford, surrendered up' to be cancelled, because the same was without consideration and had been purchased with knowledge of the facts.
These two causes were consolidated, and came on to be heard at the April term, 1844, when a final decree was made rescinding the contract with Holeman for the purchase of the Texas lands; and, among other things, directing that the defendants Childress, McGavock and Bedford, should severally surrender the foregoing notes, held by them respectively; and that said notes, with endorsements of Hobson thereon, should be cancelled; and that the amounts respectively received by said defendants under the order of the chancellor, in the first *129 named case, should be refunded to the estate. From which decree the defendants, Childress, McGavock and Bedford, prosecuted an appeal to this court.
We think the decree of the chancellor is manifestly erroneous. In general, fraud or want of consideration, is no de-fence, either to the maker or accommodation endorser of a promissory note, as against a bona Jicle holder, for value, to whose possession it may have come, before maturity, in the due course of trade, without notice. This general principle is subject, however, to some qualification, as in the case of Petty vs. Hannum, 2 Humph. 102. In that case Petty purchased a tract of land from Nelson, and executed his note, under seal, for $600, to secure the purchase money. Nelson sold the note, before maturity, to Hannum & Drane at a discount of thirty-three and a third per cent. Nelson had no title to the land, and Petty being ejected, brought his bill in chancery to enjoin the collection of said note; and it was held by this court, that the defendants were not entitled to recover the whole amount' of the note, but only the sum actually paid therefor, with interest; that there , was a negotiation of the note in the course of trade, only to that amount; and on this principle alone could the holder be protected against the prior equity existing between the original parties. Upon this principle the defendants, in the case before us, would clearly have been entitled to recover the amount paid by them, respectively, for the four notes in controversy, with interest from the time' of purchase, as well against the accommodation endorser, as against the maker.
But it is assumed, that the purchase of the notes at a discount beyond the legal rate of interest, was a usurious contract. We think not. In the case of May vs. Campbell, 7 Humph. 450, the distinction is properly taken between a note or bill, in its inception, a real transaction; and a note or bill made for the purpose of raising money by sale in market. A *130 transfer by endorsement of the./ormer, though beyond the legal rate of interest, will be regarded as a sale of the note, and a valid and legal transaction; but the endorsement of the latter, being only a nominal negotiation, will be held a usurious contract, if transferred at more than the lawful rate of interest.
We are of opinion, therefore, that the purchase of said notes by the defendants was lawful and valid; and that, as bona fide creditors of the estate of George S. Smith, they were entitled to receive their pro rata dividends upon said notes; and whatever the amounts thus received may fall short of reimburs-ins- the sums paid for said notes, with interest from the time of i, the endorser, N. Hobson, will be liable to them for.
The decree of the chancellor will be reversed with costs.