EATON and Others *v.* ACTON and Another.

This Court will not disturb the judgment of a Court below, where it is not manifestly wrong, and the evidence tends to sustain it.

APPEAL from the *Daviess* Circuit Court.

*Per Curiam.*—This was an action by the appellees, who were the plaintiffs against *Samuel H. Eaton* and *William Wilson,* to foreclose a mortgage on real estate in *Daviess* county. The complaint alleges these facts:

On the 11th of October, 1860, the defendant, *Wilson,* by his promissory note of that date, promised, on or before the 25th of December, 1861, to pay to the order of one *Josiah Mongor,* seven hundred and seventy-seven dollars, for value received. This note was given for a part of the purchase money of said real estate, which was, at the time it was given, sold and conveyed by *Mongor* to *Wilson,* and, in order to secure the payment of the note, *Wilson* executed the mortgage to *Mongor,* who assigned it to the plaintiffs. After the execution of the mortgage, and before the assignment thereof, viz.: on the 20th of March, 1861, *Wilson,* the mortgagor, sold, and, by deed in fee, conveyed the mortgaged premises to the defendant, *Samuel H. Eaton,* which deed was duly recorded on the 8th of April, then next ensuing;

but the mortgage was not recorded until the 24th of February, 1862. It is, however, averred, that *Eaton*, at the time he purchased the land, and long previous thereto, had full and actual notice of the existence of the mortgage, and of its lien on said land, etc. *Wilson*, one of the defendants, was defaulted; *Eaton* appeared and answered: 1. By a denial. 2. That *Mongor*, after he received the mortgage, left it with *Wilson*, the alienee and mortgagor of the land, as his agent, with instructions to him, *Wilson*, as such agent, to sell the same land, to enable him to pay the note; and further, he, *Mongor*, instructed his said agent, that, if he could sell, before the mortgage and note matured, then, and in that case, the mortgage was not to be recorded, and was to be held canceled, and fully discharged; and the defendant avers, that, on the 21st of March, 1851, he purchased the land, described in the mortgage, of *Wilson*, the aforesaid agent, for a valuable consideration, to-wit: the sum of one thousand five hundred dollars, without any notice, whatever, of said mortgage, except as aforesaid, etc.

The plaintiffs replied, by a general denial, and, also, specially, as follows:

That *Eaton* purchased the real estate described in the mortgage of *Wilson*, with full knowledge of the existence of the mortgage, and of the lien upon the land, etc.

The Court tried the issues, and found for the plaintiffs; and having refused a new trial, rendered judgment, etc.

The record contains the evidence, and the only question to be considered is, Does the evidence sustain the finding? The weight of it is, that *Eaton*, when he purchased, had notice of the existence of the mortgage, but in relation to the other point, viz.: Whether *Mongor* instructed *Wilson* to sell the land, it is very conflicting. It was, however, for the Court, sitting as a jury, to weigh the evidence, and reconcile the conflict. And, its conclusions, in this instance, not being manifestly wrong, we are not inclined to disturb the findings.

The judgment is affirmed, with costs and two per cent. damages.

*R. A. Clements, Sen.*, for the appellant.