Crisman *v.* Smith, Administrator.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Asa Iglehart,* for the appellants.

*James E. Blythe,* for the appellees.

---

CRISMAN *v.* SMITH, Administrator.

WITNESS—STATUTES CONSTRUED.—A defendant who is "sworn at the instance of and examined by the Court," without the solicitation of the plaintiff, and whose statements have no bearing against him, has no right, by virtue of §§ 295 and 300, 2 G. & H. 188, to insist on testifying fully as to all matters in controversy in the suit.

PRACTICE IN SUPREME COURT.—The finding of the Court below will not be disturbed, by this Court, where the evidence, though circumstantial, tends to sustain it.

SAME.—Where evidence is not objected to in the Court below, it is too late to make the objection in this Court.

APPEAL from the *Fayette* Circuit Court.

HANNA, J.—*Smith,* administrator of *Jacob Crisman,* sued *William Crisman* for money had and received to the use of the deceased. Answer: 1. Denial. 2. As to a part that it was a gift, &c.

It appeared from the evidence of plaintiff and defendant that the defendant and family were living in the house of, and with the deceased, during his last sickness, and at his death; that about that time the defendant collected, on a note due the deceased, the sum of 397 dollars; and sold of

his cattle, 60 dollars. Whether the note upon which the collection was made, had been given to the defendant, and the money received for the cattle paid over to the deceased, were disputed points in the issues and testimony. After the evidence had been given upon the part of the plaintiff and defendant both, the record states that "the defendant was sworn at the instance and examined by the Court."

We can not see by the record that the plaintiff had anything to do with the introduction of the defendant's testimony, nor do we perceive that the statements made by him would have any bearing against him. If the statements were considered at all by the Court, in the determination of the issues, they were such as would be favorable to the defendant, and the other party is not complaining here of this introduction; for, notwithstanding they were so introduced, the plaintiff had judgment. We do not think this is a case in which the circumstances are such as to have authorized the defendant in insisting, as he did, upon testifying fully as to all matters in controversy, by virtue of §§ 295 and 300, p. 188, 2 G. & H.

We do not think this is a case in which the question whether said sections are still in force, since the adoption of the witness law of 1861, 2 G. & H. 168, properly arises, and we do not, therefore, decide that point.

It is urged that the evidence as to the 60 dollars having been converted by the defendant to his use, was not sufficient. As there was some evidence, circumstantial, it is true, on the point, we will not disturb the finding.

Several witnesses were examined as to the "general reputation of defendant," and testified that it was bad. The defendant does not appear to have asked that the questions should be made more specific; nor to have objected to the introduction of testimony of that character. Appellant now

assumes that the evidence was introduced for the purpose of impeaching said defendant as a witness.

We are not informed by the record for what purpose the evidence was given. The circumstances detailed by other witnesses made the testimony, if legitimate at all, as effective in an effort to show that the defendant had improperly appropriated the 60 dollars to his own use, as it might have been to impeach.

We are inclined to the opinion that as the evidence was not objected to when offered, such objection now comes too late.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*John S. Reid,* for the appellant.
*James C. McIntosh,* for the appellee.