### ROWAN *v.* TEAGUE.

PRACTICE.—Where the trial below is by the court, the same presumption will be indulged in favor of the finding, on appeal, as if the trial had been by a jury.

REPLEVIN.—A general finding for the plaintiff, in an action of replevin, involves a finding that the plaintiff is the owner of the property, where such ownership is alleged in the complaint.

APPEAL from the *Wabash* Circuit Court.

GREGORY, J.—*Teague* sued *Rowan*, in replevin, for the canal boat *J. M. Bratton*, her furniture and apparel, and three horses. Trial by the court; finding for the plaintiff, and that he is entitled to the possession of the property in controversy, and was at the commencement of the suit,

Rowan v. Teague.

that the defendant unlawfully took and detained the same, as alleged, and that the plaintiff is entitled to $100 damages for the taking and detention of the same. The court also found the value of the property. The complaint does not charge an unlawful taking, but an unlawful detention. There is a conflict in the testimony, and it is urged, as the trial was by the court, and not by a jury, that it is the duty of this court to weigh the evidence; but this is not the law. The court sat as a jury, saw the witnesses, and could better judge of their credibility than we can, and the same rule applies.

We have looked through the testimony, and think the finding is sustained thereby. The evidence tends to show that *Teague* was the owner of the property in controversy; that it was attached at Toledo, Ohio, for debts; that by an arrangement between *Teague* and *Rowan*, the former furnished $100, and the latter bid in the property at the judicial sale, under the stipulation that *Teague* should have the possession thereof, and repay *Rowan* in freighting lumber to the amount advanced by him, over and above the $100, to purchase the property. *Teague* offered to perform his agreement, but *Rowan* refused, and took forcible possession of the property. It is urged that the judgment does not follow the finding, in this, that the finding is only that the plaintiff is entitled to the possession of the property, when the judgment is that the plaintiff is the owner thereof. We think that the general finding for the plaintiff embraces the allegation of ownership in the property.

It is claimed that the court below erred in assessing damages for the *taking and detention*, when the complaint is only for the unlawful detention. We have looked through the evidence on the question of damages, and think that substantial justice was done. 2 G. & H., § 580, p. 278.

The judgment is affirmed, with costs.

*D. D, Pratt* and *D. P. Baldwin*, for appellant.

*J. U. Pettit* and *T. T. Weir*, for appellee.