Krause vs. Cutting.

not be accomplished in any other way. The suit of the party compelled to seek the aid of the courts, in order to obtain the fruits of his own fraud or wrong, must be dismissed, although it may result in unjustly giving to the other equally culpable party the entire benefit of them. The very working of the principle, this one-sided and uneven justice, suggests great caution in its application. The court must clearly see that it is the fruit of *his own* wrong, or relief from the consequences of *his own* unlawful act, which the plaintiff seeks, before his action can be dismissed. If it be not these, but something outside and independent of his unlawful act or purpose, and not necessarily resulting from it, nor caused or intended by him, and especially if it be something arising or produced *by the fraudulent act or procurement of the defendant alone*, not participated in or assented to by the plaintiff, then he is entitled to the favorable consideration of the court, and his action should be retained. Such is precisely the nature of the case here; and were it conceded that the real transaction between the parties, namely, the sale and conveyance of the west forty with intent to defraud creditors, was *dolus malus* between them, so that they were placed *in pari delicto*, as that principle is generally understood and applied, still we should be required to hold that the plaintiff was entitled to the relief granted by the court below. He could not be punished, nor his action dismissed, beyond the wrong actually done and intended by him; and the defendant could not be permitted to take advantage of his own wrong.

*By the Court.*—Judgment affirmed.

| 28 | 655 |
|----|-----|
| 74 | 198 |

## KRAUSE VS. CUTTING.

1. A general verdict "for the plaintiff" finds all the issues in his favor.
2. Thus, in replevin, where both his title and his right of possession were in issue, a verdict "for the plaintiff" (assessing the value and damages for the detention), determined that he was the owner and entitled to the possession.

APPEAL from the Circuit Court for *Dunn* County.
*S. W. Hunt* and *E. B. Bundy*, for appellant.
*F. J. McLean*, for respondent.
[The opinion in this case has been lost from the files.]

---

TROWBRIDGE and another vs. MATTHEWS, impleaded, etc.

*Estoppel in pais.*

Where plaintiffs had furnished machinery to a mill, and acquired a lien for the price upon the interest which one J. had in the mill under a contract of sale, if they represented to M., who had purchased J.'s interest, that the latter owed them little or nothing for said machinery and thus induced M. to pay over to J. the balance of the purchase money (exceeding the amount of their claim), they would be estopped from enforcing their lien as against M.; and it was error to reject evidence tending to show those facts.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant *Matthews* appealed from a judgment against himself and his co-defendant Jackson. The case is stated in the opinion, so far as is necessary to explain the decision of this court.

*Gillett, Pier & Bass*, for appellant. [No brief.]

*Knowles & Babcock*, for respondents, contended, upon the evidence, that the representations alleged to have been made by one of the plaintiffs to *Matthews*, upon which the latter claimed an estoppel, were made in fact *after Matthews* had not only become both legal and equitable owner of the mill property on which a lien is here sought to be enforced, but had also paid all that was going to Jackson; and such representations could not, therefore, operate as an estoppel. 6 Pick., 455; 3 Hill, 225; Hill & D. Supp., 90; 4 E. D. Smith, 296; 10 N. Y., 402.

[The other questions argued by counsel are not passed upon by the court.]