## THE FORT WAYNE, MUNCIE, AND CINCINNATI RAILROAD COMPANY *v.* GROVE.

| 47 | 133 |
|----|-----|
| 134 | 683 |

EVIDENCE.—*Appeal.*—It is the uniform practice of the Supreme Court not to disturb the verdict of a jury, or the finding of a court, on questions of fact, when the verdict or finding is not clearly wrong on the evidence.

From the Wells Circuit Court.

*W. H. Coombs, W. H. H. Miller,* and *R. C. Bell,* for appellant.

*J. S. Daily* and *L. Mock,* for appellee.

OSBORN, J.—The appellee sued the appellant before a justice of the peace, to recover the value of a cow, alleged to have been killed by the locomotive and cars of the appellant, where he recovered judgment, from which an appeal was taken to the circuit court. In the latter court, the appellant moved to dismiss the action for the want of a sufficient complaint, which was overruled, and an exception taken.

The cause was tried by the court, who found for the appellee for the amount claimed, and, over motions for a new trial and in arrest of judgment, rendered final judgment on the finding.

A reversal of the judgment is urged on two grounds:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the evidence does not sustain the finding of the court.

The complaint set out in the original transcript filed in this court did not allege that the cow was run over and killed by the locomotive of the appellant, or in any manner charge or connect the appellant with the killing of the cow of the appellee. That was the condition of the record when the counsel for the appellant filed their brief.

In answer to a writ of *certiorari* issued to the court below, the clerk of that court has sent up a further transcript, containing a full copy of the complaint filed before the justice of the peace, and still on file in the clerk's office, in the cause, in which it is alleged that the appellant, on a day named, in the county of Wells, and State of Indiana, by its locomotive and train of cars, then running on its railroad in that county, where the road-track was not fenced, and not at any crossing, ran over and killed a cow of the appellee, of the value of forty-five dollars.

The objection made to the complaint was, that it did not

allege that the cow was killed by the locomotive, etc., of the appellant, or upon its road. The return to the *certiorari* shows that the supposed defect in the complaint did not exist, and that the court committed no error in overruling the motions to dismiss and in arrest of judgment.

It is urged that the evidence does not sustain the finding that the cow was killed by the locomotive, as alleged in the complaint. We have read the evidence with a good deal of care, and think we ought not to disturb the finding of the court.

Benjamin Smith testified that he saw the cow go down the track shortly before she was injured; after he saw her go down, a freight train went north; he saw her tracks on the railroad track, and marks where she had been thrown to the place where she was found lying on the east side of the track.

The appellee testified that he found the cow lying on the east side of the track, with her back broken, and badly mangled, and that there was blood about where she was lying.

It is the uniform practice of this court not to disturb the finding of the jury or court on questions of fact, where the finding is not clearly wrong upon the evidence. *Atkisson* v. *Martin*, 39 Ind. 242; *Hunt* v. *Price*, 39 Ind. 408; *Rowan* v. *Teague*, 24 Ind. 304; *Eaton* v. *Acton*, 19 Ind. 371; *Crisman* v. *Smith*, 22 Ind. 13; *The Indianapolis, etc., R. R. Co.* v. *Trisler*, 30 Ind. 243.

The judgment of the said Wells Circuit Court is affirmed, with costs and five per cent. damages.