[Filed May 3, 1889.]

CORBELL, RESPONDENT, v. CHILDERS, APPELLANT.

REPLEVIN — VERDICT — HILL'S CODE, SECTION 214. — In an action of replevin, if the verdict contains all that is required by this section, it must be held to be sufficient.

JURISDICTION OF THE COURT — ANSWER. — The plaintiff's complaint, in an action of replevin commenced in the county court, alleged that the value of the property demanded was $365, and the defendant's answer alleged its value to be $1,060: *held,* that the court had jurisdiction of the subject of the action, which was not defeated or ousted by the answer, and that the question of jurisdiction could be summarily determined on motion.

ANSWER — JURISDICTION. — Where the complaint presents a case within the jurisdiction of the court, and the answer pleads facts showing it to be beyond its jurisdiction, the plaintiff is entitled to have the case tried, and if the defendant should sustain his answer by proof upon the trial, the only effect of such trial finding would be, that the plaintiff could obtain no relief, and the action would be dismissed.

APPEAL from Klamath County.

*S. B. Cranston,* for Respondent.

*Cogswell & Cogswell,* and *J. W. Hamakar,* for Appellant.

STRAHAN, J. — This is an action of replevin to recover possession of sundry chattels alleged to be wrongfully taken and withheld by the defendant, who was the sheriff of said county, and seized said property as the property of the defendant in a certain writ of attachment placed in his hands for service.

The plaintiff alleges title to all of said property in himself, and that the same is of the aggregate value of $365. The answer alleged said property to be of the value of $1,060, which was put in issue by the reply.

The action was originally commenced in the county court of Klamath County, where the plaintiff had judgment, and upon an appeal to the circuit court the plaintiff again prevailed, from which last-named judgment this appeal was taken. The appellant makes the followings assignments of error in his notice of appeal: "1. The circuit court erred in overruling defendant's motion to dismiss said action; 2. The court erred in refusing to set aside the verdict; 3. The court erred in giving judgment according to the verdict; 4. The court erred in giving and entering judgment at all." The cause was submitted here on the briefs of counsel without an oral argument.

The appellant's main contention is, that the verdict is insufficient to authorize the rendition of the judgment. The verdict is as follows: —

"We, the jury impaneled to try the above cause, find for the plaintiff, as follows: 1. That the plaintiff is entitled to the immediate return and possession of the following articles of property named in plaintiff's complaint, to wit: Two old two-horse wagons; one sulky hay-rake; one Buford gang-plow; two walking-plows; one hundred head of hogs, more or less; and we further find that the wagons are of the value of thirty dollars, the sulky hay-rake is of the value of fifteen dollars, the disc harrow is

XVII. OR.—34

of the value of thirty dollars, the Buford gang-plow is of the value of thirty dollars, the two walking-plows are .of the value of ten dollars, and the hogs' are of the value of one hundred dollars.

                 "I. D. APPLEGATE, Foreman."

Section 214 of Hill's Code prescribes what the verdict shall contain in an action of replevin as follows: " In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, *if their verdict be in favor of the plaintiff, or if they find in favor of the defendant,* and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

1. A verdict which contains all that this statute prescribes must be held sufficient. " If the verdict be in favor of the plaintiff," the jury may at the same time assess the damages. How in favor of the plaintiff? Simply that he owns the property or is entitled to the possession thereof. The same remark applies when the jury find in favor of the defendant. In neither case is it necessary that the verdict should contain more than to find in favor of the plaintiff or the defendant, as the case may be, which finding must be followed by the other requisites of the statute. It was never intended, in any of the cases on this subject in this court, to hold that the verdict in this class of cases should follow the pleadings, and find affirmatively or negatively on every issue contained therein. In this case, the verdict is " for the plaintiff," and that he " is entitled to the immediate return and possession " of certain property described in the complaint, and then the property and its value are set out. To exact a greater

degree of particularity would be to go beyond the requirements of the statute, which I think would not be proper.

2. The motion to dismiss this action in the court below was without merit, and was properly overruled. The plaintiff claimed in his complaint that the value of the property in controversy was $365; the defendant, that it was of the value of $1,060. In this class of cases, the county court has jurisdiction where the claim or subject of the controversy does not exceed the value of five hundred dollars. (Hill's Code, sec. 868.) Of course, by simply alleging in the answer that the value was greater than five hundred dollars, the jurisdiction of the court could not be ousted. The plaintiff's action on the face of the complaint appeared to be within the jurisdiction of the court. If jurisdiction existed in fact, no difference what the answer contained, the plaintiff had a right to a trial, and in such case the question of jurisdiction could not be summarily determined on motion. If upon the trial it was shown that the claim or subject of the controversy exceeded five hundred dollars, a want of jurisdiction over the subject-matter of the action would have been established, and the plaintiff would have been entitled to no relief.

Finding no error in the judgment of the court below, it must be affirmed.