[Filed March 31, 1891.]

## YICK KEE v. WM. DUNBAR.

REPLEVIN—OWNERSHIP—DEFECTIVE VERDICT.—Where in replevin, the plaintiff alleged that he was the owner of certain personal property and entitled to its possession, which the defendant wrongfully detained, etc., and upon issue joined, the jury found that the plaintiff was entitled to the possession of the property and assessed its value, etc., but did not pass upon the fact of ownership of the property; *held*, that the verdict was defective in substance, and that a judment upon it that the plaintiff was owner, is not sustained by the verdict.

Multnomah county: E. D. SHATTUCK, Judge.

Defendant appeals. Reversed.

*A. C. Emmons*, and *W. H. Adams*, for Appellant.

A verdict, whether general or special, must decide the point in issue, and unless it does no judgment can be rendered thereon. (*Patterson* v. *U. S.* 2 Wheat. 221; *Garland* v. *Davis*, 4 How. 131.)

The verdict being silent upon the issues of ownership and the taking and detention of the property in dispute, is not sufficiently definite and certain to serve as a basis for a judgment. (*Jones* v. *Snider*, 8 Or. 127; *Phipps* v. *Taylor*, 15 Or. 487; *Smith* v. *Smith*, 17 Or. 444; *Smith* v. *Phelps*, 7 Wis. 211; *Wallace* v. *Hilliard*, 7 Wis. 627; *Warner* v. *Hunt*, 30 Wis. 200; *Holt* v. *Van Epps*, 1 Dak. 206; *Norcross* v. *Nunan*, 61 Cal. 640; *Dowell* v. *Richardson*, 10 Ind. 573; *Hall* v. *Jenness*, 6 Kan. 356.)

The verdict is insufficient for another reason. The

separate value of each article sued for was not assessed. (*Guille* v. *Wong Fook*, 13 Or. 577; *Hoeser* v. *Kraeka*, 29 Tex. 451; *Mulliken* v. *Greer*, 5 Mo. 489; *Thomas* v. *Tanner*, 6 T. B. Mon. 59; *Baker* v. *Beazley*, 4 Yerg. 570; *Pickett* v. *Bridges*, 10 Hump. 171; *Caldwell* v. *Bruggerman*, 4 Minn. 270.)

*H. T. & E. W. Bingham*, for Respondent.

A verdict in replevin should always be considered in connection with the pleadings. And if the facts admitted by the pleadings and the facts found by the court, considered together, are sufficient to sustain the judgment of the court below, that is all that is required. (Cobbey Law of Replevin, § 1050; *Brookover* v. *Easterly*, 12 Kan. 149; *Blakeslee* v. *Rossman*, 44 Wis. 550.)

A verdict may describe the property by reference to the complaint. (*Anderson* v. *Lane*, 32 Ind. 102; Cobbey Law of Replevin, § 1066.)

Where it is impossible to find the separate value of each article, it may be found in gross. (Cobbey on Replevin, § 1063; *Wilson* v. *Barnes*, 49 Ala. 134; *Goldsmith* v. *Willson*, 67 Iowa, 662.)

LORD, J.—This was an action in replevin brought by the plaintiff to recover certain specific personal property described in his complaint, and of which he alleges his possession and ownership, its value and the wrongful taking and detention, and his damages by reason thereof. The defendant, by his answer, put in issue all the material matter alleged in the complaint. On the trial, the jury found as follows: "We, the jury in the above-entitled action, find that the plaintiff is entitled to the possession of the property described in the complaint, and assess the value thereof at $3,000, and that plaintiff has been damaged by the detention thereof $——." Upon this verdict the court rendered the following judgment: "That plaintiff Yick Kee is the owner and entitled to the immediate possession of the property described in his complaint, to wit, etc.; that the same be forthwith delivered by the defendant Wm. Dunbar to said

XX OR.—27.

plaintiff, or in case delivery thereof cannot be had, that said plaintiff have and recover of and from said defendant the sum of three thousand dollars, the value of said books," etc.

The point of objection is, that the jury did not by their verdict pass upon the ownership of the property, and that the judgment does conform to the verdict.  In replevin, the rule is, that the verdict should be responsive to and dispose of all the material matters put in issue by the pleadings.  A verdict that fails in this respect does not respond to the issues raised, and is defective in substance.  Nor can the judgment be broader than the verdict.  It must follow the verdict, and cannot properly embrace issues not determined by the jury.  The plaintiff in his complaint alleged his title or ownership of the property, and that it was wrongfully taken from his possession, and the defendant traversed these facts by his answer.  The effect was to put in issue all the material matters alleged, and the jury should have passed upon these issues.  Among these was the fact of ownership or title to the property which the jury was called upon to try and to determine by the verdict.  For, as said by COLE, J., "However the case might have been varied had the defendant in error not alleged in the complaint that he owned the property, but merely that he was entitled to the possession of it, etc., which fact had been controverted by the adverse party and put in issue by the pleadings, still, as the title of the property was alleged to be in him, and this as well as all other facts denied, how could the question of title be ignored by the jury?"  (*Child* v. *Child,* 13 Wis. 17.) In that case, as in the case at bar, the complaint alleged that the plaintiff was the owner of certain personal property which the defendant unlawfully detained, and upon issue being joined the jury found that the plaintiff was entitled to the possession of the property and assessed its value and damages for its detention, but did not pass upon the question of ownership of the property, and the court held that the verdict was defective in substance, and that a new trial should be awarded, and also that the judgment that the

plaintiff was the owner of the property is not sustained by the verdict.

The same doctrine was subsequently declared by DIXON, C. J., in *Appleton* v. *Barrett*, 22 Wis. 569, as follows: "The title of the property as well as the right of possession was in issue by the pleadings. The jury has found only that the plaintiff is entitled to the possession of the property specified in the verdict. The issue as to the title is undetermined. In actions of replevin both parties are considered actors. It may be that the title to the property was in the defendant, the plaintiff having only the present right of possession. The question of title, therefore, is or it may be one of much interest to the defendant, and he is entitled to have it settled in this action. The verdict being in this respect defective, the judgment must be reversed and a new trial awarded." The same principle has been recognized and declared by this court. In *Phipps* v. *Taylor*, 15 Or. 487, STRAHAN, J., said: "But this verdict is insufficient for another reason. By the complaint, the plaintiffs claimed to be the owners of the lumber in controversy, as well as to be entitled to its possession. The verdict is silent as to the ownership of the property, and that issue remains undetermined. In such case, no judgment can be rendered for the plaintiffs." Nor is there anything decided in the case of *Corbell* v. *Childers*, 17 Or. 528, inconsistent or in conflict with the principle thus declared. In that case the plaintiff alleged title to the property in himself, and the jury found "for the plaintiff" and that "he was entitled to the immediate return and possession of the property described in the complaint," etc., and STRAHAN, J., said: "In this case the verdict is 'for the plaintiff,' and that 'he is entitled to the immediate return and possession of the property' described in the complaint, and then the property and its value is set out. To exact a greater degree of particularity would be to go beyond the requirements of the statute, which I do not think we could properly do." This verdict was responsive to the issues raised, and disposed of all the material matters which the jury were

called upon to try and determine. While it would be more formal and specific and perhaps more desirable that the verdict should find the right of ownership and the right of possession, value, etc., yet a finding "for the plaintiff" is equivalent to finding the issues in favor of the plaintiff, which STRAHAN, J., thought within the terms of the statute and should be upheld. Necessarily such a verdict included the right of possession as well as the ownership of the property, as both facts were put in issue by the pleadings. In this view the general verdict responding to the issues raised rendered it unnecessary to express a finding upon each averment. And so the authorities run.

In *Krause* v. *Cutting*, 28 Wis. 655, it was held that a general verdict "for the plaintiff" finds all the issues in his favor. As in replevin, where both his title and his right of possession are in issue, a verdict "in favor of the plaintiff"—assessing the value and damages for detention—determines that he is the owner and entitled to the possession. So in *Payne* v. *June*, 92 Ind. 257, the verdict was: "We the jury find for the plaintiff, and that the engine in controversy is of the value of $600 and is in possession of the defendants," and the court said: "The alleged defects are that the verdict does not find that the plaintiffs are the owners and entitled to the possession ef the engine. The general finding for the plaintiffs was a finding of both these facts"; citing *Rowan* v. *Teague*, 24 Ind. 304; *Crocker* v. *Hoffman*, 48 Id. 207. So that there is nothing decided in the case of *Corbell* v. *Childers, supra,* which can lend any support to sustain the verdict in the case at bar. Here there is no finding "for the plaintiff" so as to cover the issues raised, but a finding that he is entitled to the possession of the property, when the issues required the jury to pass upon the fact of ownership or title to the property, and upon which the verdict is silent and undetermined. As such, the verdict is defective in substance, and upon this point the judgment is not sustained by the verdict, as it embraces issues not determined by the verdict of the jury.

It results that the judgment must be reversed, and a new trial ordered.