# EDWARD PRATT

## *v.*

# NATHANIEL TUCKER *et al.*

1. REPLEVIN—*return—when awarded.* Where property levied on by a sheriff under an execution is replevied by a third party, and the officer pleads property in the defendant in execution, *non detinet*, and justification under the execution, and a verdict is found in favor of the plaintiff except as to a certain mare, it is error not to render judgment in favor of the defendant for the return of such mare.

2. ERROR—*which works no injury.* Courts will not reverse unless it appears that the error complained of worked injury to the party complaining. Thus, in replevin for property levied on under execution, where it clearly appears that the property belonged to the plaintiff, and not to the defendant in execution, the refusal to admit the execution in evidence is an error which can not injure the defendant.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

This was an action of replevin, by Nathaniel Tucker and Henry Mansfield, partners, by the name and style of Tucker & Mansfield, against Edward Pratt, sheriff, etc. The opinion states the facts.

Mr. JOHN B. COHRS, for the plaintiff in error.

Messrs. ROBERTS, GREEN & PURPLE, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought in the Tazewell circuit court, by defendants in error, against plaintiff in error, who was acting sheriff of the county.

The suit was for the recovery of a lot of horses and mules and a set of harness. Pleas were filed, first, *non detinet*; second, property in one John L. Winters, and third, a justification under an execution from the circuit court of Tazewell county, in favor of Edward Wilson, and against Winters, under which the property had been seized to satisfy the same. Issues were formed on these pleas, and a trial had, resulting in a verdict that the property was in plaintiffs, "except the mare bought at Allensworth's sale." After overruling a motion for a new trial, the court rendered judgment against defendant for the costs of the suit.

On this verdict, it is manifest that the court below erred in not rendering a judgment for the return of the mare purchased at the Allensworth sale. By the finding of the jury, defendants in error had no right to that animal, and having no right to it, they took it wrongfully from plaintiff in error. He had seized it on execution, and defendants in error replevied it from him, and the jury found they had no right to the mare, and they have no pretense of right to hold it, and should have been required to return it to the officer, and the judgment should have been so rendered.

It is next urged that the court below erred in refusing to permit the execution to be read in evidence to the jury. Even if it was improperly excluded from the jury, we fail to see that it worked any wrong to plaintiff in error. The instructions presented to the jury the same issue that would have been before them had the execution been admitted.

The question tried was, whether defendants in error owned the property, or whether it belonged to Winters, and was liable to sale on execution. Had the jury found the property did not belong to defendants in error, but that it did belong to Winters, then a judgment that the property be returned would have followed. But the jury found it belonged to defendants in error, and the introduction of the execution in evidence could not have changed the result in the slightest degree. Courts will not reverse, unless it appears that the error complained of may have worked injury to the party urging it.

The evidence sustains the verdict of the jury; but for the error indicated, the judgment of the court below is reversed, and the cause remanded with leave to move for the rendition of a correct judgment on the verdict.

*Judgment reversed.*