E. A. JONES, RESPONDENT, *v.* ANDREW SNIDER, APPELLANT.

VERDICT.—In an action to recover specific personal property, where the jury find a general verdict for damages, without finding on the issues of ownership and of the value of the property, such general verdict is not warranted by the statute, and no judgment can be rendered thereon.

WHAT PRESUMPTIONS NOT RAISED UPON VERDICT. —Where the statute directs a special finding upon certain issues, a general verdict for the plaintiff will not raise a presumption that the jury have passed upon the issues not named in the verdict.

APPEAL from Multnomah County.

This action, as appears by the complaint, was brought to recover personal property with damages for the withholding thereof. The cause was tried in the circuit court by a jury, who found generally for the plaintiff, and assessed his damages at the sum of three hundred dollars.

*Hill, Durham & Thompson,* for appellant.

*W. Scott Beebe,* for respondent.

By the Court, BOISE, J.:

This being an action to recover specific personal property, the statute regulating such a proceeding in section 211 has

provided what the verdict shall find is as follows: "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury shall assess the value of the property if the verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof, may at the same time assess the damage, if any is claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

The issues presented by the pleadings were: 1. As to the ownership of the. property described in the complaint; 2. As to its value; 3. As to the amount of damages which the plaintiff had sustained by reason of the wrongful taking or withholding of the property. The jury found the following verdict: "We, the jury in the case of E. A. Jones *v.* A. Snider, find for the plaintiff, and assess the damages at the sum of three hundred dollars, and interest one hundred and eleven dollars and sixty-seven cents—total, four hundred and eleven dollars and sixty-seven cents."

This verdict does not find on the issues as to the ownership of the property, or assess its value, but finds on the issue as to the damages. The statute directs that the verdict shall be special and find on all these issues, and where the statute directs that the jury shall find a special verdict, and on certain named issues, the rendering by the jury of a general verdict for damages, will not raise the presumption that the jury have found on the issues not specially named in the verdict. To warrant the jury in making inquiry as to the damages, they must first find that the plaintiff was the owner of the property or entitled to the possession. A verdict, to be valid, must find on all the issues in the case, so that the controversy shall be finally determined. In cases where a general verdict is proper, the presumption is from such finding that the jury has passed on all the issues necessary to sustain the finding. But where the court or the statute direct a special verdict, the court will not render a judgment on a general verdict; for it is not de-

cided by it how the special issues have been determined. In this case it does not appear which party was the owner of the property in controversy, or what was its value, and leaves the case at issue and undetermined.

It is claimed that the notice of appeal does not specify the errors complained of, which have been argued and which we have noticed above. We think there is nothing in this objection; for the notice of appeal does specify as error that the court rendered a judgment on the verdict, and claim that no judgment could be rendered thereon, and this is, we think, a sufficient specification of error.

The judgment will be reversed and a new trial ordered.