[Filed June 10, 1885.]

### E. R. POPPLETON v. T. B. NELSON ET AL.

USURY—DEGREE OF PROOF.—To establish the defense of usury requires clear and cogent proof. Vague inferences or mere probabilities or conjectures are not sufficient.

YAMHILL COUNTY.    Defendants appeal.    Affirmed.

Suit to foreclose a mortgage. The answer sets up the following facts, and claims that they render the note and mortgage sued on usurious: That in February, 1874, defendant Nelson

requested Edgar Poppleton to loan him $1,300, which he
agreed to do for a ten per cent bonus and twelve per cent inter-
est, to which Nelson agreed; that on the 4th day of May, 1874,
Nelson applied to said Edgar Poppleton for said money upon
said conditions; said Poppleton refused to make said loan
unless he pay $22 accrued interest and $11 recording and
attorneys' fees in addition to said bonus; that on said day Nel-
son executed said note for the whole of said sums, amounting to
$1,463; that said $1,300 was the money of Edgar Poppleton
and not the money of the plaintiff, and that said note was so
executed to plaintiff so that Edgar Poppleton could obtain a
greater amount of interest than is allowed by law, being $163
in excess of legal interest; that said note and mortgage were
executed in the plaintiff's name by collusion and fraud between
the plaintiff and said Edgar Poppleton, in order to avoid and
circumvent the statute of usury; that plaintiff never was the
true owner of said money loaned or the note or mortgage given
to secure the same, but that they were and are the property of
Edgar Poppleton; that on or about July 18, 1874, said note
and mortgage were transferred by plaintiff to Edgar Poppleton
by indorsement of said note; that by the terms of said mortgage
defendant Nelson agreed to pay five per cent additional as
attorney's fees; that said Nelson covenanted therein to pay all
assessments of taxes levied upon the premises described in the
mortgage, or upon said mortgage, or the money secured thereby.

*James McCain,* and *W. D. Fenton,* for Respondent.

*A. M. Laughary,* for Appellants.

LORD, J. — This is a suit in equity to forclose a mortgage.
The defense is usury. This is the main question involved, and
is one of fact, which needs to be proved by clear and satisfactory
evidence. As the defense of usury involves a forfeiture, it is
considered as an unconscionable defense, and a strict one. To
establish such a defense the court requires clear and cogent
proof, and will not accept vague inferences, or mere probabili-
ties, or resort to conjectures, to aid the defense. The burden of

proof is on the defense, and he must sustain his allegations by a clear preponderance of evidence " He is impeaching his own solemn obligation under seal, and must establish the facts necessary to constitute it, beyond reasonable doubt. It is not sufficient to show an even balance of testimony ; there must be a clear preponderance. Usury is a defense not favored in equity ; the old consequences, the forfeiture of the whole debt, was so severe a penalty that it was considered unconscientious." (Zabriskie, Chancellor, in *Conover* v. *Van Mater*, 18 N. J. Eq. 487.) " The burden of proof," said Depue, J., "is on the defense, and the defense cannot be supported by probabilities or suspicions, however strong. If allowed to prevail, it must be supported by such preponderance of evidence as establishes the truth of the allegations on which it depends beyond a reasonable doubt." (*Taylor* v. *Morris*, 22 N. J. Eq. 612 ; *Brolasky* v. *Miller*, 8 N. J. Eq. 789 ; *New Jersey Pat. T. Co.* v. *Turner*, 14 N. J. Eq. 326.) And again he says : " If the defense of usury should ever be sustained upon the uncorroborated testimony of the party by whom the security was made, the testimony should be in all respects unexceptionable." (See also 1 Jones Mortg. § 643 ; Tyler Usury, 122.) These references are sufficient to show how the defense of usury is regarded in equity, and the strictness of proof required to support it. As by our statute such a defense involves by way of penalty the loss of the debt, the proof of ·it ought certainly to be clear and satisfactory. After careful examination of the evidence, we are satisfied the charge of usury is not sustained. There is no clear and direct proof, and the inferences and conjectures sought to be drawn from some of the facts are too unreliable on which to base a conclusion.

The decree of the court below must be affirmed.