[Filed January 20, 1886.]

JUSTINA PRESCOTT v. S. A. HEILNER AND E. D. COHN.

REPLEVIN—DESCRIPTION—VALUE.—In an action to recover personal property, the description and valuation thereof should be reasonably certain. In such an action, the description and valuation of a mare and her colt together in the complaint is sufficient.

SAME—VERDICT—RETURN OF PROPERTY.—Where, in an action of replevin, the property has been already delivered to the prevailing party, a general verdict in his favor would be sufficient, without any assessment of value. In such case, a finding that "he was entitled to the return thereof" would be out of place.

SAME—DAMAGES.—When damages are claimed, and the plaintiff prevails in the action, a verdict is not defective which fails to find upon that question.

BAKER COUNTY.     Defendants- appeal.     Affirmed.

*L. L. McArthur*, for Appellants.

*William M. Ramsey*, for Respondent.

THAYER, J. The judgment appealed from was rendered against the appellants in an action brought against them by the respondent to recover the possession of a band of horses alleged to have been wrongfully taken and withheld. Both parties claimed ownership of the property. The complaint is in the usual form, though the allegations in some respects are stated more strongly than necessary. The taking was alleged to have been done at said county of Baker. The horses, at this time, were claimed to have been on the Burnt River range, pasturing, I suppose, on the open lands. The time of the taking was claimed to have been on or about the tenth day of February, 1884, and a demand is alleged in the complaint to have been made by the respondent of the appellants for the possession of them, on the twelfth day of March, 1884. The action was commenced about the seventeenth day of April, 1884. The complaint contains a description of the horses and an allegation of their value. The description is of the several animals, except that mares and their colts are mentioned in pairs, and the value of each animal or pair as mentioned is set down, and aggregates the value of $730. The jury returned a verdict that the respondent was entitled to the

possession of the property, describing it as in the com-
plaint, substantially, and fixed the value in the same
form as in the complaint, but a little higher, so that it
aggregated the sum of $815.

The appellants' counsel claims that the judgment
should be reversed for several reasons, which he pre-
sented with great force and ability, and which the court
listened to patiently, but was unable to agree with him
on any one of them.

The first point attempted to be made was that the
separate value of all the animals should have been speci-
fied. The next one was that the property was not shown
to have been in Baker County at the time the action was
commenced. The next, that the verdict of the jury was
insufficient and defective. This point the counsel seemed
to rely upon more confidently than any of the others.
The first one is clearly untenable. The description in
such cases should be reasonably certain (*Foredice* v.
*Rinehart*, 11 Or. 208), and we think it was. The valua-
tion was specified as particularly as it practically could
have been.

Upon the second point we disagree with the view of
the counsel entirely. We think the property was shown
to have been in Baker County. The complaint alleges
that it was there taken by the appellants, and the natu-
ral inference from the pleading is that the acts of unlaw-
ful withholding and detention alleged were being done
in that county. The horses may have been taken out of
the county by the appellants, but we have no right to
presume that. The counsel contended strongly that the
jury should have found specially to whom the property
belonged, and the separate value of each article; and he
cited a number of Wisconsin cases to show that the ver-
dict would be incomplete unless it finds, in terms, that
the property in such a case belongs to one or the other

of the parties. However that might be, in the absence of any statutory provision upon the subject, it is unnecessary to inquire, as we have an express provision which, I think, beyond question, declares the extent of the jury's duty in such cases. (Civ. Code, sec. 211.) Where the property has not been delivered to the plaintiff, the jury are required, if they find in his favor, to assess the value of it, and that he is entitled to a return thereof. If it has been delivered to the plaintiff, and the defendant claim a return thereof, and the jury find in his favor, they shall assess the value thereof, and find that he is entitled to a return of it. A finding in favor of the party generally, when he is in possession of the property, I think would be sufficient, without any assessment of value, and the words "that he was entitled to a return thereof" would be quite out of place when the prevailing party already had it. This provision contains all the regulation that is ordinarily necessary upon the subject. If it were to become important, the court could direct a special verdict. (Code, sec. 212.) In an ordinary verdict in such an action the jury pass upon all the issues. The recovery in all cases is by virtue of an ownership in the property. The plaintiff, in order to maintain the action, must prove a general or special property in the goods claimed. (2 Greenl. Ev., sec. 561.) The finding in this case necessarily found that the plaintiff was the owner of the horses. The proofs under the issues were necessarily directed to that fact, and the circuit court undoubtedly instructed the jury that if they found that the plaintiff was the owner of the property, and the defendants wrongfully detained it, they should find the form of verdict they did. That was the main issue, and when they found for the plaintiff they found that issue in her favor. If she owned the horses, she was entitled to have a return of them to her, or the value in case a

delivery could not be had; hence the necessity of assessing the value.

The appellants' counsel contended that the verdict was imperfect in that it did not find on the question of damages for the detention of the horses, and cited some more Wisconsin authorities to sustain his position upon that point. The respondent claimed that she had been damaged on account of the detention in the sum of one hundred dollars; but the jury made no finding upon the question. The authorities cited seem to hold that there must have been damages, otherwise there would be no right to a recovery. That may have been the rule at some period in the history of jurisprudence, but I think it must have become obsolete before our system was organized. At all events, our Code is only permissive on that subject. It provides that the jury may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention, etc. (Code, sec. 211.) The jury doubtless concluded that no damages had been sustained. If there had been any such damages, and they failed to assess them, it would not, as I can see, have affected the rights of the appellants. I cannot think the privilege of paying damages could be important under any circumstances, unless an equivalent were to be received therefor. The right of action is not dependent upon it. The respondent need not have claimed damages, and still been entitled to recover her horses. The jury assessed the value of the property with sufficient particularity. They did not specify what the colts, independent of their dams, were worth; but that was not necessary. They fixed a practical valuation upon the property, and that is all the appellants had a right to demand. Some of the colts may have died, as the counsel suggested. In that case, it would be no hardship to

Points Decided.

require the appellants to pay for both mare and colt, and keep the survivor.

The counsel also complained that the value of the property, as assessed by the jury, was greater than that alleged in the complaint.   Such an occurrence might arise.   The property might improve in value between the time of taking and the trial.   I suppose in such a case the complaint might be amended so as to conform to the facts proved, or a supplemental complaint be filed. The respondent ought to have the benefit of the increase of value of her property in such a case.   In any view, it would be no ground for interfering with the judgment. I do not think any error is shown to have been committed, and the judgment will therefore have to be affirmed. This being the opinion of the court, it will be so ordered.