[Filed December 14, 1887.]

## ROBERT PHIPPS ET AL., RESPONDENTS, G. A. TAYLOR AND H. C. SLOCUM, APPELLANTS.

REPLEVIN—VERDICT—JUDGMENT.—In an action of replevin, a verdict is insufficient to authorize a judgment for either party which finds that the plaintiff is entitled to three fifths of each and every pile of lumber described in complaint, or the value thereof, and that the remainder belongs to plaintiffs. Replevin will not lie for an undivided part of a number of piles of lumber. (*Guille* v. *Wong Fook*, 13 Or. 577, approved and followed.)

SAME.—When the plaintiff alleged that he was the owner and entitled to the possession of the property in controversy, which allegations were denied, a verdict is insufficient to authorize a judgment which is silent as to the ownership of the property. It leaves that issue undetermined.

ALTERNATIVE JUDGMENT.—In an action of replevin, a plaintiff is only entitled to an alternative judgment upon a verdict in his favor, if the property has not been delivered to him. If, during the progress of the action the property has been delivered to him, a judgment in his favor settles his right to it, and it then being in his possession, the alternative judgment is unauthorized. (Hill's Code, § 214.)

SAME.—In said action, the plaintiff may recover distinct parcels, or a part of the separate articles sued for, and the defendant prevail as to the others; but he cannot recover undivided portions of entire and distinct lots.

COSTS—SECTION 549 OF HILL'S CODE.—Costs are allowed, of course, to the plaintiff upon a judgment in his favor; but if in such action he recover property or the value as established on the trial, and damages for detention, in all less than fifty dollars, he shall recover no more costs and disbursements than the sum of such value and damages.

APPEAL from Douglas County.   Reversed.

*J. W. Hamilton,* for Appellants.

*W. R. Willis,* for Respondents.

STRAHAN, J.—This is an action of replevin.   The property sought to be recovered is fifty-five thousand feet of lumber piled in the mill and mill-yard at Gurney's Mill, in Douglas County, Oregon.   The lumber was distributed in from twelve to fifteen separate piles, and each lot is particularly described in the complaint, and the entire quantity is alleged to be of the value of five hundred dollars.   The defendants allege in their answer, after denying the taking as wrongful, and denying each of the other allegations specifically, that G. A. Taylor at said time was sheriff of Douglas County, Oregon, and the other defendant was his deputy; that at said time one William Trask was the owner of about thirteen thousand feet of said lumber, and Voltair Gurney was the owner of the residue.   The answer then alleges facts showing a seizure of Voltair Gurney's interest in all of said lumber, under and by virtue of an execution against him and G. W. and R. M. Gurney, issued out of the Circuit Court of Douglas County, Oregon, in favor of William Trask, for $117.50, with interest and costs.   The answer demanded a return of the whole of said property to the defendants, which had been replevied from them soon after said action was commenced. The reply denied that either Trask or Gurney owned any part of said lumber.   Upon a trial before a jury, the following verdict was returned: "We the jury in the above-entitled cause find that the defendants are entitled to the following described property in the plaintiffs' complaint described, to wit: (3-5) Three fifths of each and every pile or clear of lumber described in plaintiffs' complaint, or its value thereof, and remainder belongs to the plaintiffs."

Upon the return of this verdict the defendants moved for judgment in their favor, and against the plaintiffs for the return of all of said lumber, or for the sum of three hundred dollars, the value thereof, in case delivery could not be had, and for costs and disbursements. At the same time the plaintiffs moved for a judgment in their favor for two fifths of each pile of lumber described in the complaint, or for the sum of two hundred dollars, the value thereof, in case delivery could not be had, and for costs and disbursements. The court rendered a judgment in favor of the plaintiffs as requested in their motion, and taxed their costs at $94.17. The court then rendered a further judgment in favor of the defendants and against the plaintiffs, to the effect that they recover a judgment against Robert Phipps and Cyrus Smith; that they are entitled to the possession of three fifths of the property described in the plaintiffs' complaint, or its value, to wit, three hundred dollars, and that execution issue therefor. From this judgment defendants have appealed to this court. There is no bill of exceptions in the record, and there is no question of law presented by the pleadings. The only question discussed on the argument was what judgment ought the court to have rendered, if any, on the verdict of the jury.

1. The first inquiry to which our attention must be directed is whether the verdict was sufficient to enable the court to render any judgment in the cause in favor of either party. Hill's Code, section 214, prescribes, in substance, what the verdict shall contain in this class of actions as follows: "In an action for the recovery of specific personal property, *if the property has not been delivered to the plaintiff*, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof," etc.

In this action the plaintiffs claimed to be the owners, and to have the right to the possession of the entire property in controversy; but it appears from the verdict of the jury that they were only entitled to the possession of an undivided part thereof. This part had not been separated or severed from the entire lots

or piles, but included an undivided portion of each. In such case replevin will not lie. (*Kinny* v. *Green*, 32 Mich. 310; *Price* v. *Talley's Adm'r*, 18 Ala. 21; *Parsons* v. *Boyd*, 20 Ala. 112; *Kimball* v. *Thompson*, 4 Mass. 441; *Hart* v. *Fitzgerald*, 2 Mass. 509; *Lacy* v. *Weaver*, 49 Ind. 373; *Alwood* v. *Ruckman*, 21 Ill. 200; *Parker* v. *Garrison*, 61 Ill. 250; *Sargent* v. *Courrier*, 66 Ill. 245; *Guille* v. *Wong Fook*, 13 Or. 577.) Upon the point now under discussion, we might well have placed our decision on the authority of *Guille* v. *Wong Fook*, *supra*, alone. It is decisive of the point as to the insufficiency of this verdict to authorize a judgment in favor of the plaintiff. In that case the plaintiff brought replevin for "sixty-eight head of hogs on the macadamized road in said county, on the place formerly kept by Wong Fook;" and the jury found that the plaintiff was entitled to "that portion of the property described in the complaint, to wit, forty-nine hogs." This verdict was insufficient to support a judgment for forty-nine of the hogs described in the complaint.

2. But this verdict is insufficient for another reason. By the complaint the plaintiffs claimed to be the owners of the lumber in controversy, as well as to be entitled to its possession. The verdict is silent as to the ownership of the property, and that issue remains undetermined. In such case no judgment can be rendered for the plaintiffs. (*Bemus* v. *Beekman*, 3 Wend. 668; *Emmons* v. *Dowe*, 2 Wis. 235; *Heeron* v. *Beckwith*, 1 Wis. 27; *Beemis* v. *Wylie*, 19 Wis. 318; *Appleton* v. *Barrett*, 22 Wis. 568; *Machette* v. *Wanless*, 1 Colo. 225.)

3. But if the verdict had been in proper form, the judgment is erroneous. By the express provisions of the Code (§ 214, *supra*), the plaintiff is only entitled to the alternative judgment if the property has not been delivered to him. If during the progress of the action it had been delivered to him, and the finding is in his favor as to the title to the property when that is in issue, and the right to the possession, the judgment is that he recover the particular property, and in a proper case his costs. The property being then in his possession, and his right and title conclusively settled by the judgment, there is no occa-

sion or authority for an alternative judgment. (*Merill* v. *Butler*, 18 Mich. 294; *Blackwell* v. *Acton*, 18 Ind. 425; *Ward* v. *Masterson*, 10 Kan. 77; *Fitzhugh* v. *Wiman*, 9 N. Y. 559.)

4. Inasmuch as there must be a new trial in this case, I think proper to add that we must not be understood as holding that in an action of replevin the plaintiff may not recover some of the separate articles or distinct parcels of the property in controversy, and the defendant prevail as to others; but they must be separate and distinct articles or parcels, capable of description and identification, and not undivided portions of separate or entire and distinct lots. (*Pratt* v. *Tucker*, 67 Ill. 346; *Williams* v. *Beede*, 15 N. H. 483; *O'Keefe* v. *Kellogg*, 15 Ill. 347; *Poor* v. *Woodburn*, 25 Vt. 234; *Powell* v. *Hinsdale*, 5 Mass. 342; *Edelen* v. *Thompson*, 2 Har. & G. 31.)

5. Upon this appeal counsel discussed the question of costs to some extent, where the jury find for the plaintiff as to a portion of the property and for the defendant as to another portion. In the absence of a statute fixing the rule, the authorities seem to hold that in such case it would be the duty of the court to apportion the costs equitably between the parties. (*Powell* v. *Hinsdale, supra; Poor* v. *Woodburn, supra*); but our statute provides in what cases parties recover costs. (Hill's Code, § 549.) Under that section costs are allowed to the plaintiff, of course, upon a judgment in his favor, among other cases, in an action for the recovery of personal property; but in such action, if the plaintiff recover property, or the value thereof, as established on the trial, and damages for the detention of the same, in all less than fifty dollars, he shall recover no more costs and disbursements than the sum of such value and damages. Section 551 of Hill's Code allows costs to the defendant, of course, in the actions enumerated in section 549, "unless the plaintiff be entitled to costs therein." Under these sections there is no room for a division of costs. They belong of right to one party or the other, to be determined by the court as the facts appear.

Let the judgment be reversed, and the cause remanded to the court below for a new trial.