[Filed April 9, 1889.]

SMITH, RESPONDENT, v. SMITH, APPELLANT.

REPLEVIN — VERDICT. — In an action of replevin, when the issues are the ownership, right to the possession and value of the property, and the wrongful taking by the defendant, a verdict which simply finds for the plaintiff in the sum of $512 will not authorize a judgment in his favor.

APPEAL from Polk County.

*N. L. Butler*, for Respondent.

*J. J. Daly*, for Appellant.

STRAHAN, J. — This is an action of replevin to recover seven hundred and sixty-four and thirteen sixtieths bushels of wheat of the value of $611.40, which plaintiff alleges that he owns, and that he is entitled to the possession of the same, and that it is wrongfully detained by the defendant. The prayer is, that plaintiff recover said wheat, or $611.40, the value, in case delivery cannot be had, and $100 damages for such taking and detention, with costs and disbursements. The answer denies the material allegations of the complaint, and then alleges in substance that defendant, at the time of said alleged taking, was the sheriff of Polk County, and that he had in his hands as such sheriff an execution issued out of the circuit court of Polk County, Oregon, against the property of one J. O. Smith, and that he seized and took said wheat under and by virtue of said execution as the property of

said J. O. Smith, and that said J. O. owned said wheat at the time of such levy and seizure, and that he sold the same agreeably to the command of said writ. The reply admits all of the new matter contained in the answer, except the allegation that at the time of its seizure J. O. Smith owned the wheat in controversy. Upon these issues, the cause was tried before a jury, and the following verdict rendered:—

"We, the jury in the above-entitled action, find for the plaintiff in the sum of $512.

"GEORGE TILLOTSON, Foreman."

Upon this verdict, a judgment was rendered for the plaintiff for the sum of $512, together with costs and disbursements taxed at $147.75. From this judgment the defendant has appealed, assigning numerous grounds of error in his notice, all presenting the question of the insufficiency of the verdict to authorize the judgment.

1. *Jones* v. *Snider*, 8 Or. 127, is decisive of this case. That case settled the construction of our statute (Hill's Code, sec. 214), and has since been generally followed. Boise, J., delivering the opinion of the court in that case, said: "This verdict does not find on the issues as to the ownership of the property, or assess its value, but finds on the issue as to damages. The statute directs that the verdict shall be special and find on all these issues, and where the statute directs that the jury shall find a special verdict, and on certain named issues, the rendering by the jury of a general verdict for damages will not raise the presumption that the jury have found on the issues not specially named in the verdict. . . . . A verdict to be valid must find on all the issues in the case, so that the controversy shall be finally determined."

*Phipps* v. *Taylor*, 15 Or. 484, is another case where the same principle was applied. In that case it was said: "But this verdict is insufficient for another reason. By

the complaint the plaintiff claimed to be the owner of the lumber in controversy, as well as to be entitled to its possession. The verdict is silent as to the ownership of the property, and that issue remains undetermined. In such case no judgment can be rendered for the plaintiff."

Unless these authorities are to be overruled, and the numerous cases upon which they depend entirely disregarded, and new interpretation placed upon the statute, it must be manifest that this judgment cannot stand. Counsel for respondent cited *Prescott* v. *Hulner*, 13 Or. 200, and claimed that its doctrines applied to this case would sustain the judgment. In applying that case, the real facts before the court must not be overlooked. It was an action of replevin, where the property in controversy had been delivered to the prevailing party under the writ. In such case the court held that a general verdict in his favor, without an assessment of value, would be sufficient. The reason of this doctrine is clear enough.

It is stated in *Phipps* v. *Taylor, supra,* as follows: "By the express provisions of the code (section 214), the plaintiff is only entitled to the alternative judgment if the property has not been delivered to him. If, during the progress of the action, it had been delivered to him, and the finding is in his favor as to the title to the property, when that is in issue, and the rights to the possession, the judgment is, that he recover the particular property, and, in a proper case, his costs. The property being then in his possession, and his right and title thereto conclusively settled by the judgment, there is no occasion or authority for an alternative judgment."

Counsel for respondent also claimed that inasmuch as the answer set up that the defendant had sold the property as sheriff, and the reply admitted it, it was thereby rendered impossible for the property to be returned, and that thereafter the plaintiff could proceed

only to recover the value of the property in controversy. If it be true that the property could not be returned as claimed by the plaintiff, then a case is made falling exactly within the statute providing for an alternative judgment. In such case the plaintiff recovers the property, or its value in case delivery cannot be had. To give full effect to the plaintiff's reasoning would practically repeal that portion of the statute providing for an alternative judgment. In every case when, during the trial, it appeared that for any cause a delivery of the property could not be had, the plaintiff would only take judgment for its value. This is not the rule prescribed by this statute, nor is it supported by any authority.

The views expressed lead to a reversal of the judgment, and a new trial in the court below.