Argued 8 January; decided 29 January, 1900.

## NUNN v. BIRD.

[59 Pac. 808.]

1. AMENDMENT OF PLEADING AT TRIAL—DISCRETION.—Where, in an action by the assignee of a chattel mortgage to recover of the mortgagor the possession of the mortgaged property, the defendant pleads usury, and payment to the original holder, the allowance of an amendment to defendant's answer, at the trial, that the usurious character of the instrument was well known to plaintiff, is not an abuse of discretion, under Hill's Ann. Laws, § 101, allowing amendments at the trial, when necessary to conform to the facts proved, provided the cause of action or defense is not changed.

2. APPLICATION OF USURIOUS PAYMENTS.—Payments made upon a loan as usurious interest and as commissions for extensions are to be applied, in an action by the creditor to recover his demand, to the discharge of the original debt.

3. APPEAL—QUESTION NOT RAISED AT THE TRIAL.—Plaintiff cannot have a judgment reversed on appeal on the ground that no testimony was offered at the trial in support of a material part of the defense, when no motion was made on the trial for a nonsuit, nor any request to instruct the jury to find for the plaintiff: *Shmit* v. *Day*, 27 Or. 110. cited.

4. DEGREE OF PROOF REQUIRED TO ESTABLISH USURY.—An instruction that the defense of usury is an unconscionable one, and that the proof to establish it must be clear and cogent, was properly refused, and for two reasons: First, because only a preponderance of evidence is necessary; and, second, because the statement that the defense of usury is an unconscionable one is not a statement of a legal proposition, but is a judicial opinion deduced from experience.*

*NOTE.—See *State* v. *Birchard*, 35 Or. 484, par. 6, where an instruction not involving a legal principle was held to have been properly refused.—REPORTER.

5. SUFFICIENCY OF VERDICT IN REPLEVIN ACTION.—Where, in an action to re-
cover specific personal property, the plaintiff's right to possession depends
upon the validity of a note and mortgage to which defendant pleads payment
and usury, a verdict that the chattels are the property of defendant, and that
he is entitled to the possession thereof, is tantamount to a general verdict
upon the issues of usury and payment, and is sufficient to support a judg-
ment for defendant.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Action by W. H. Nunn against Mary Bird and others,
to recover the possession of certain personal property, or
the sum of $350, its value, in case possession thereof can-
not be had. It is alleged in the complaint, in effect, that
on January 19, 1897, the defendants delivered to W. C.
Smith their promissory note for $316, payable in six
months, with interest at the rate of ten per cent. per an-
num, and to secure the payment thereof gave him a mort-
gage upon their household goods and furniture, which
provided that, if default should be made in the payment
of the note, the holder thereof should be entitled to the
possession of the property for the purpose of selling it and
applying the proceeds to the payment of the note ; that
Smith, for a valuable consideration, assigned the note be-
fore maturity to plaintiff, who, upon defendants' failure
to pay any part thereof, demanded of them the possession
of said property, which they refused to deliver. The de-
fendants deny the material allegations of the complaint,
and aver, in substance, that they borrowed of R. I. Echer-
son & Company $150, May 17, 1892, and a like sum Au-
gust 10 of that year, for which they executed their promis-
sory notes for $160 each, secured by a first and a second
mortgage, respectively, on the property described in the
complaint, and, in pursuance of an agreement entered
into at the time the money was loaned, paid Echerson &
Company interest on the sum so borrowed at the rate of
five per cent. per month ; that in March, 1894, they exe-
cuted to J. W. Wright, a partner with Echerson & Com-

pany, their promissory note, secured by a mortgage on
said property, and took up the previous notes; that they
continued to pay Echerson & Company interest on the
latter note until November, 1896, at the rate of five per
cent. per month, and that they have thus paid said com-
pany, on account of the original loan, the sum of $696.25;
that on January 19, 1897, they executed to Echerson &
Company the promissory note and mortgage described in
the complaint, but that Smith's name was inserted as
payee and mortgagee without their knowledge or consent,
and that said note has been fully paid.  At the trial the
court, over plaintiff's objection and exception, allowed
the answer to be amended by adding the following words:
"That all the facts set forth in defendants' answer the
plaintiff herein well knew."  The allegations of new mat-
ter in the answer having been denied in the reply, a trial
was had, resulting in a judgment for the defendants, and
plaintiff appeals.                            Affirmed.

For appellant there was a brief and an oral argument
by *Mr. J. Frank Boothe.*

For respondents there was a brief over the names of
*Frank A. E. Starr* and *William N. Gatens,* with an oral ar-
gument by *Mr. Gatens.*

Mr. Justice Moore, after stating the facts, delivered
the opinion of the court.

1.  It is contended by plaintiff's counsel that the court
erred in permitting the answer to be amended at the time
and in the manner indicated.  The statute authorizes the
court at the trial, in furtherance of justice, to allow an
amendment to be made to a pleading so that it may
conform to the facts proved, provided, however, that the
cause of action or defense is not thereby changed:  Hill's

Ann. Laws, § 101. The trial court being invested with such power, its exercise must necessarily be a matter of discretion, and, like all orders of such character, will not be reviewed upon appeal except in cases of manifest abuse: *Pittman* v. *Pittman*, 3 Or. 553 ; *Henderson* v. *Morris*, 5 Or. 24 ; *Hexter* v. *Schneider*, 14 Or. 184 (12 Pac. 668); *Mitchell* v. *Campbell*, 14 Or. 454 (13 Pac. 190) ; *Baldock* v. *Atwood*, 21 Or. 73 (26 Pac. 1058) ; *Wallace* v. *Baisley*, 22 Or. 572 (30 Pac. 432) ; *Garrison* v. *Goodale*, 23 Or. 307 (31 Pac. 709); *Clemens* v. *Hanley*, 27 Or. 326 (41 Pac. 658) ; *Foster* v. *Henderson*, 29 Or. 210 (45 Pac. 899) ; *Davis* v. *Hannon*, 30 Or. 192 (46 Pac. 785). The answer is predicated upon the theory that the plaintiff is not a *bona fide* holder of the note in suit, and, as his knowledge of the facts tending to prove the invalidity of the security was essential to, and did not change, the cause of defense, the court did not abuse its discretion in allowing the amendment.

2.   The defendants do not claim to have paid any sum whatever upon the note described in the complaint, but their defense is, in effect, that by reason of the payments made to Echerson & Company no consideration existed for the execution of this note. Plaintiff's counsel contend that these payments were made as brokerage, for the purpose of securing extensions of the time of payment, and not to reduce the principal, and, having been voluntarily made, the sums so paid are not recoverable ; while defendants' counsel insist that plaintiff is not a *bona fide* holder of the note ; and that, the monthly installments having been met as agreed upon, the court should apply the sums so paid in discharge of the original debt. Echerson & Company were the payees named in the first and second notes, and, having loaned the defendants the sum of $300 only, this constitutes the debt properly chargeable to them. It is alleged that Wright, to whom the third note was executed, was a partner with Echerson & Com-

pany, and that the latter collected from the defendants the monthly installments agreed upon, aggregating $696.25; and, if the jury found such to be the facts, it remains to be seen whether the amount so paid shall be credited upon the defendant's debt.   The notes having contained a stipulation for the payment of ten per cent. interest, and being taken in the name of Echerson & Company, the charge of $10 on account of each loan is in excess of the rate of interest prescribed by statute, and hence usurious. So, too, the monthly payment to Echerson & Company of five per cent. of the sum so borrowed, being in excess of the rate of interest allowed by law, is equally usurious, for, if the taking of such sums to secure the creditor's forbearance could be justified upon the assumption that the money so received was in the nature of a commission or brokerage, the statute of usury would be circumvented, and the necessities of the borrower would render him an easy prey to the avarice of the lender.   The rule is well settled that, notwithstanding a debtor, in pursuance of an unlawful agreement, may have paid his creditor, as interest, a sum in excess of the legal rate, in an action by the creditor to recover the remainder of the debt, the court should, upon proof of the payment of such usurious interest, apply the sums so paid in discharge of the original debt:   27 Am. & Eng. Enc. Law (1 ed.), 963 ;  *Musselman* v. *McElhenny*, 23 Ind. 4 (85 Am. Dec. 445);  *Farwell* v. *Meyer*, 35 Ill. 40 ;  *Woolley* v. *Alexander*, 99 Ill. 188.   If no payments had been made on the loans of $150 each made on May 17 and August 10, 1892, until January 19, 1897, when the last note was executed, the money so borrowed would amount, at ten per cent. interest, to $436.37 only, and, as the defendants allege that they paid on account of such loans the sum of $696.25, it is very evident that the jury might find that no consideration existed for the execution of the last note.   The defendants having

paid, in pursuance of their agreement, a greater rate of interest than the law allows, are *in pari delicto* with Echerson & Company, from whom they cannot recover any of the money they have thus voluntarily paid; but, as between the defendants and Echerson & Company, the payments so made were properly applied in reducing the original indebtedness.

3.   It is also contended by plaintiff's counsel that no testimony was offered at the trial tending to show that his client was not a *bona fide* holder of the note, or that he did not acquire it before maturity.   In the trial of a cause on appeal from a judgment given in an action at law the only questions that will be considered by this court, except such as are never waived (Hill's Ann. Laws, § 71), are matters which have been submitted to the trial court, and exceptions properly reserved to its rulings thereon : *State* v. *Whitney*, 7 Or. 386 ; *State* v. *Abrams*, 11 Or. 169 (8 Pac. 327); *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, and 33 Pac. 537).   An examination of the bill of exceptions shows that no motion was made for a judgment of nonsuit, nor was the court requested to instruct the jury to find for the plaintiff.   In this condition of the transcript it must be presumed from the verdict that the jury properly found that plaintiff was not a *bona fide* holder of the note : *Shmit* v. *Day*, 27 Or. 110 (39 Pac. 870).

4.   At the trial, plaintiff's counsel requested the court to instruct the jury that "the defense of usury is an unconscionable one, and a strict one.   To establish it there must be clear, positive, and cogent proof; not mere conjectures.   Vague inferences or mere probabilities are not enough.   The burden of proof is on the defense, and he must sustain his allegations by a clear preponderance of the evidence.   He is impeaching his own solemn obligation under seal, and it is not sufficient to show an even

balance of the testimony. There must be a clear preponderance." This instruction was refused, and an exception saved. The court then said to the jury : "I do not think I am justified in charging that the rules of proof are any different from that in any other case. I do not think I will vary the character of proof, gentlemen of the jury, from that required in all cases. Of course, as I have told you, the burden of proof in this defense rests upon the defendants, and the defendants must establish it by that degree of proof that I have adverted to. Of course, I need not say that vague inferences or suggestions cannot take the place of proof. That is proper to say. But if the defendants have established by a preponderance of the testimony what they aver, I do not know that the rules of proof differ as to the defense of these parties from other defenses where the burden of proof rests upon a party." Plaintiff's counsel, relying upon the rule announced in the case of *Poppleton* v. *Nelson,* 12 Or. 349 (7 Pac. 492), contend that the court erred in refusing to give the instruction requested. In that case Mr. Justice Lord, in rendering the decision, says : "As the defense of usury involves a forfeiture, it is considered as an unconscionable defense, and a strict one. To establish such a defense, the court requires clear and cogent proof, and will not accept vague inferences, or mere probabilities, or resort to conjectures, to aid the defense. The burden of proof is on the defense, and he must sustain his allegations by a clear preponderance of evidence." The declaration that "the defense of usury is an unconscionable defense, and a strict one," is not a statement of a legal principle predicated upon any evidence introduced at the trial, but is rather a conclusion deduced from experience in the trial of this class of cases, and no error was committed in refusing so to instruct the jury : *Crump* v. *Commonwealth* (Va.), 23 S. E. 760 ; *Doyle* v. *State,* 39

Fla. 155 (63 Am. St. Rep. 159, 22 S. E. 272); *People* v. *Barney*, 114 Cal. 554 (47 Pac. 41). The instructions given, we think, correctly state the law applicable to the case.

5. It is maintained that, no finding having been made upon the issues of usury or payment, the verdict does not support the judgment. The verdict is as follows : "We, the jury in the above-entitled action, find that the goods and chattels mentioned in the complaint are the property of the defendants, and find that the value is three hundred and fifty dollars, and defendants are entitled to the possession of said property." In an action for the recovery of specific personal property the question in issue is the right of possession, and, if the effect of the verdict is to change the possession from one party to the other, the jury must find the value of the property as a basis for an alternative judgment, in case delivery of the possession of such property cannot be had : Hill's Ann. Laws, § 214; *Jones* v. *Snider*, 8 Or. 127 ; *Prescott* v. *Heilner*, 13 Or. 200 (9 Pac. 403) ; *Phipps* v. *Taylor*, 15 Or. 484 (16 Pac. 171); *Smith* v. *Smith*, 17 Or. 444 (21 Pac. 439); *Corbell* v. *Childers*, 17 Or. 528 (21 Pac. 670) ; *Yick Kee* v. *Dunbar*, 20 Or. 416 (26 Pac. 275). In the case at bar, the defendants having possession of the household goods and furniture, the finding of the jury in their favor upon the issues of ownership and right of possession was a verdict sufficient to support the judgment, notwithstanding they found the value of the property. The cause of action being founded upon the chattel mortgage, which was an incident of the promissory note, plaintiff's right to the possession of the property necessarily depended upon the validity of the note, and, this having been denied by the answer, the special verdict as to the defendants' right of possession of the property was tantamount to a general verdict upon the issue regarding the validity of the note. There are other

questions presented by the bill of exceptions, but, not deeming them important, it follows that the judgment is affirmed.                                                                AFFIRMED.

Decided 8 January; rehearing denied 26 February, 1900.