<hr />

Submitted on briefs September 19, affirmed October 10, 1922.

## COAST FINANCE CORPORATION *v.* POWERS FURNITURE COMPANY.

(209 Pac. 614.)

**Usury—Defense of Usury must be Clearly Proven.**

1. The establishment of the defense of usury requires clear and cogent proof thereof, and vague inferences or mere probabilities or conjectures are not sufficient.

Usury—Instrument Once Validly Negotiated by Transfer for Consideration not Within Usury Laws.

2.   After a negotiable instrument has once been validly negotiated by transfer for a valuable consideration, it becomes an article of commerce, the rate of discount being governed by the market value, and the owner thereof may name the price for which he is willing to sell, such sale not being within the usury laws.

Usury—Assignment of Interest in Sales Contract Held Sale and not Loan Within Usury Law.

3.   Where the owner of a contract for the payment of furniture, under which $282.63 was due in ten monthly installments, assigned the first $109.91 thereof to plaintiff for $100, retaining authority to collect as plaintiff's agent, the transaction constituted a sale of an interest in the contract and not a loan, and was not usurious as bearing more than 10 per cent per annum within Sections 7988, 7989, and 7990, Or. L., prescribing legal rates and providing for forfeiture of the debt for usury.

From Multnomah: H. H. BELT, Judge.

In Banc.

Defendant appeals from the judgment of the Circuit Court in the sum of $20 for money had and received. The defendant in its answer alleges:

"That on the 23d day of April, 1921, defendant received of plaintiff the sum of $100, in consideration whereof defendant assigned to plaintiff the first $109.91 of a certain conditional sales contract, according to a written agreement, a copy of which, marked 'Exhibit A,' is attached to and made a part of the complaint herein; that at the time of such purported assignment there was a balance unpaid on said conditional sales contract of $282.63, said balance being due in ten equal monthly installments of $28.26, beginning May 25th, 1921; and that according to the terms of said assignment, defendant was to act as agent for plaintiff in the collection of said monthly installments."

2.   What transactions are usurious, see notes in 81 Am. Dec. 736; 46 Am. St. Rep. 178.

Negotiable instrument sold for less than face value as usury, see note in Ann. Cas. 1913C, 1327.

Defendant further alleges that it was the purpose of the assignment to obtain for plaintiff a greater rate of interest than ten per cent per annum for the use of $100 "for the period of four months," in which the principal of $100 should remain unpaid, according to the terms and purpose of such agreement; and that it was the purpose of plaintiff thereby to evade the law as to the collection of usurious interest in the amount of more than 10 per cent per annum.

The cause was tried by the court without a jury, upon a stipulation of facts, the substance of which is as follows:

"That plaintiff and defendant are Oregon corporations engaged in business, the plaintiff having been organized for the purpose of underwriting, financing and discounting contracts and commercial paper, and the borrowing and loaning of money; and the defendant is engaged in the retail furniture business. Parties have complied with the law, providing for payment of license fees due the State of Oregon.

"That the agreement between plaintiff and defendant is as set forth in 'Exhibit A,' attached to the complaint herein; and that the sum of $80.00 is now in the possession of defendant, collected on the conditional sales contract in question, and referred to in the answer; and that no part thereof has been paid, defendant having refused to comply with the terms of the agreement identified as 'Exhibit A,' unless it shall first be determined that the said agreement is not usurious.

"That from the position of plaintiff the said transaction is a purchase and the setting aside to it of a portion of the contract in question for the sum of $100, to obtain a profit; and that on the part of the defendant it was a means of obtaining an advance of funds, without waiting for the maturing of such contract and for which it was willing to sacrifice accordingly."

The trial court found, among other things, that the defendant had received of one W. J. Kappes the sum of $20 for and on account of plaintiff, as its agent according to the terms of a certain agreement in writing dated April 23, 1921, which reads in part as follows:

"For and in consideration of the sum of one hundred dollars ($100), the Ira F. Powers Furniture Company hereby sells and assigns to the Coast Finance Corporation all its right, title and interest in the first one hundred nine and ninety-one one hundredths dollars ($109.91) collected on the following contract hereinafter listed, which the said Ira F. Powers Furniture Company warrants to be genuine and that the balance represented is unpaid and not subject to offset or counterclaim.

| "Name | Address | Paid | Balance |
| --- | --- | --- | --- |
| "W. J. Kappes | 994 Gantenbein | $357.50 | $282.63." |

The court also found that it was further stipulated in the agreement the defendant would guarantee that the contract would be paid in ten monthly installments due on May 25, 1921, and monthly thereafter; that the furniture company should act as the collection agent for the plaintiff, and guarantee the safekeeping of the contract and permit the plaintiff to examine defendant's books relating to the conditional sales contract.                              AFFIRMED.

For appellant there was a brief over the name of *Mr. Homer St. Goehler.*

For respondent there was a brief over the name of *Mr. J. Leroy Smith.*

BEAN, J.—The court found as a conclusion of law that the agreement between the plaintiff and defendant provides in effect for a sale and assignment of a

portion of the conditional sales contract. Defendant assigns such finding as error, and contends that the transaction was in the nature of a loan and the rate of interest provided for usurious.

By Section 7988, Or. L., the rate of interest in this state is fixed at 6 per cent per annum, provided, that on contracts interest up to the rate of 10 per cent per annum may be charged by express agreement, and no more. Section 7989, Or. L., provides as follows:

"No person shall, directly or indirectly, receive in money, goods, or things in action, or in any other manner, any greater sum or value for the loan or use of money, or upon contract founded upon any bargain, sale, or loan of wares, merchandise, goods, chattels, lands, and tenements, than in this chapter prescribed."

Section 7990, Or. L., provides that when suit is brought on a contract where a rate of interest has been contracted for in excess of that authorized, the same shall be deemed usurious and shall work a forfeiture of the entire debt so contracted to the school fund of the county where the suit is brought.

The plaintiff contends that the assignment of the conditional sales contract in consideration of the sum of $100, by defendant to plaintiff constituted a sale of an interest in such contract, and is not affected by the usury statutes.

1. The establishment of the defense of usury requires clear and cogent proof thereof. Vague inferences or mere probabilities or conjectures are not sufficient: *Poppleton* v. *Nelson,* 12 Or. 349 (7 Pac. 492); *Barger* v. *Taylor,* 30 Or. 228, 236 (42 Pac. 615, 47 Pac. 618); *Nunn* v. *Bird,* 36 Or. 515, 521 (59 Pac. 808).

In *Balfour* v. *Davis,* 14 Or. 47 (12 Pac. 89), it was held that, to constitute usury, there must be first a loan, express or implied; second, an understanding between the parties that the money shall be returned; third, that a greater rate of interest than is allowed by law should be paid or agreed to be paid; and fourth, a corrupt intent to take more than the legal rate for the sum loaned. This ruling was approved in *Beach* v. *Guaranty Sav. Assn.,* 44 Or. 530, 533 (76 Pac. 16, 1 Ann. Cas. 418).

2. It is a general rule that after a negotiable instrument has once been validly negotiated by transfer for a valuable consideration it becomes an article of commerce and can be bought and sold as freely as any other property, the rate of discount being governed by the market value of such instrument, and upon principle and authority the owner of such property has a perfect right to name the price for which he is willing to sell and to refuse to accede to any other. The sale and assignment of such choses in action are not within the letter or spirit of the usury law: 39 Cyc. 931; 27 R. C. L., p. 214, § 15.

When the holder of an instrument, such as the conditional sales contract held by defendant, transfers the instrument at a discount and is required to indorse or otherwise guarantee it so that the vender becomes liable contingently to pay the purchaser at a future day a sum greater than that received with legal interest, the authorities present different views. The great weight of authority is that such a transaction should be regarded as a valid sale of a chattel with a warranty of soundness, and the purchaser is allowed to enforce the obligation to its full extent against his own indorser and all prior parties: 39 Cyc. 933.

3. It appears that plaintiff was in the business of discounting contracts and commercial paper. From the facts stated in defendant's answer quoted above, and the stipulation as to the position of the plaintiff and defendant, the court was warranted in finding that the assignment of the conditional sales contract in consideration of the sum of $100 was a *bona fide* sale of an interest in the contract. Any contrary holding would clog the wheels of commerce. As far as the record shows, the transaction did not constitute a loan; there was no understanding between the parties that defendant should return the money to plaintiff, except in the contingency that the original promisor, Kappes, should make default in payment; and it was a pure bargain and sale of an interest in the contract, and no rate of interest was agreed upon. As far as shown the sale was made in entire good faith, and there was no corrupt intent to exact a usurious rate of interest: 27 R. C. L., p. 213, § 14.

As we view it, the sale and assignment of the contract in question stands upon the same footing as the transfer of a promissory note. In 27 R. C. L., page 215, Section 16, we read:

"Unless the discounting of promissory notes is by statute declared to be usurious if at a greater rate of interest than permitted by law there is little or no doubt that they, like other property, may be bought and sold on such terms as may be agreed on, and, however small the price paid, the transfer is not usurious if in good faith, and not a mere attempt to disguise a borrowing and lending of money. This is so though the seller indorses the note, if the transaction is *bona fide* and not intended as a cover for a usurious loan."

The facts stipulated do not tend to support defendant's claim.

The judgment of the lower court is affirmed.

AFFIRMED.

Mr. Chief Justice BURNETT took no part in the consideration of this case.