*831 OPINION.
SteRNHagen :
The petitioner contends that it is not a personal holding company, as defined by section 351 (b), Revenue Act of 1936.[1] The respondent narrows the issue by a statement that the petitioner’s gross income is, to the specified 80 percent, derived from interest, and that this is the ground upon which he has classified the petitioner as a personal holding company.
As shown in greater detail in the findings, the petitioner’s income consists principally of the gains derived from its purchase and disposition of the conditional sales contracts of automobile dealers with customers. The petitioner pays the dealer the cash price of the car and' takes the dealer’s contract with the customer, who is to pay a greater amount in periodic payments. The petitioner is in a position substantially similar to that of the acceptance corporation in General Motors Acceptance Corporation v. Mid-West Chevrolet Co., 66 Fed. (2d) 1. The petitioner then assigns the contract to the National Discount Corporation at a discount, receiving an amount greater than that paid by it to the dealer. These transactions are all covered by express writings the forms of which are in evidence. Nothing in any of them suggests, either in express language or by implication, that any of the parties was thinking of a loan and its repayment or of interest. They were buying and selling conditional sales contracts and were not lending and borrowing money and using the contracts as collateral security for the loans. There is no more ground for construing interest in the arrangement in the field of taxation than in the field of usury. General Motors Acceptance Corporation v. Mid-West Chevrolet Co., supra; Coast Finance Corporation v. Powers, 209 Pac. 614 (Oreg.); Martin v. McAvoy, 228 Pac. 694 (Wash.). This has frequently been held as to the installment buyer’s claim for an interest deduction in computing net income. Daniel Brothers Co. v. Commissioner, 28 Fed. (2d) 761, affirming 7 B. T. A. 1086; Marsh & Marsh, Inc., 5 B. T. A. 902; cf. Baltimore & Ohio R. R. Co., 29 B. T. A. 368, 372; affd., 78 Fed. (2d) 456; Corbett Investment Co. v. Helvering, 75 Fed. (2d) 525; Hudson-Duncan Co., 36 B. T. A. 554. An automobile dealer has been held not entitled to treat the amount received from the finance company as a loan but required to treat it as sale price of the conditional *832 sale contract, a conception which, prevented the dealer from using the installment method. Elmer v. Commissioner, 65 Fed. (2d) 568, affirming 22 B. T. A. 224; Packard Cleveland Motor Co., 14 B. T. A. 118; cf. MacDonald v. Commissioner, 76 Fed. (2d) 513. On the general subject of interest, see also Old Colony R. R. Co. v. Commissioner, 284 U. S. 552; Deputy v. duPont, 308 U. S. 488.
The income derived by the petitioner from the conditional sales contracts was not interest, and the Commissioner was in error in so regarding it as the ground for classifying the petitioner as a personal holding company under section 351 (b). Cf. Elverson Corporation, 40 B. T. A. 615, 643; affd., 122 Fed. (2d) 295.
Although respondent does not urge that petitioner’s income is gain from the sale of securities, petitioner argues, in the alternative, that “if the Board should find that the gain designated as ‘discount earned’ derived by the petitioner from the purchase and sale of conditional sales contracts is ‘a gain from the sale of securities,’ such gain is received by petitioner as a dealer in securities and therefore not personal holding company income.” The Board does not find it necessary to hold whether the “discount earned” is a gain from the sale of securities, since the respondent has not determined that it is, and in his brief he expressly concedes that the conditional sales contracts are not “securities” within the meaning of section 351. The question whether petitioner is a dealer in such contracts is therefore irrelevant.
Since petitioner was not in the taxable year a personal holding company, it was under no duty to file a personal holding company return, and since there is no deficiency upon which to base a percentage penalty, no such penalty may be assessed.

Decision will be entered for the petitioner.