Argued January 27, affirmed February 24, 1954

STARKER *v.* HECKART

267 P. 2d 219

*Walter T. Durgan,* of Corvallis, argued the cause and filed a brief for appellant.

*Orval N. Thompson,* of Albany, argued the cause for respondent. On the brief were Weatherford & Thompson, of Albany.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND and PERRY, Justices.

## LUSK, J.

Plaintiff Starker sued the defendant Heckart upon an account stated. Afterwards, by stipulation, the case was converted into one for an accounting. The court entered a judgment and decree for plaintiff for $2,251.59, with interest at six per cent per annum, and the defendant has appealed.

Heckart was engaged in the business of selling household appliances upon conditional sales contracts, and, in order to secure financing, entered into an arrangement with Starker by which the latter took assignments of such contracts for the amounts owing thereon, less interest, insurance and finance charges, under an agreement that Heckart should collect the installments coming due on the contracts and turn the proceeds over to Starker. Heckart executed a written guaranty of payment of all contracts so assigned.

The dealings commenced in 1934. As of January, 1939, an account was stated and agreed on by the parties showing a balance owing to Starker of $1,338.00. When a dispute arose between the parties as to the amount of Heckart's indebtedness, Starker, at Heckart's suggestion, employed a competent accountant to examine and analyze and make a statement of the account. The accountant was one Richard Wicks. He found a balance in Starker's favor in the sum of $2,308.00 as of April 15, 1940.

One contention of Heckart is that the court erred in not requiring an accounting as to the dealings previous to the 1939 settlement. There is no satisfactory

evidence impeaching that settlement and no basis for opening it up.

■ Heckart's principal claim is that Starker charged usurious interest. The point is ruled by *Coast Finance Corp. v. Powers Furniture Co.*, 105 Or 339, 209 P 614, which decides that an assignment of a conditional sales contract under circumstances similar to those here present is a sale of a chose in action and that the transaction does not involve a loan of money. The usury statutes, therefore, have no application.

■ It is immaterial that the complaint speaks of loans made by the plaintiff to the defendant, as this is only an inaccurate characterization by the pleader —a conclusion which will not be given effect in the face of the evidence disclosing the real nature of the transaction.

Wicks prepared a complete, detailed statement of the multifarious transactions involved and neither his honesty nor his accuracy has been called in question. It was conceded by Heckart on the witness stand that payments made to him on assigned contracts by his customers had not been turned over to Starker in accordance with their agreement. He practically admitted that he owed Starker some $1,200.00 but he objected to paying interest on the indebtedness. The judgment of the circuit court was for a substantially lesser sum than the balance found by Wicks to be owing to Starker and we have been given no adequate reason either in the testimony or on argument for disturbing the circuit court's decision.

The decree and judgment is therefore affirmed.