HENDRY, Chief Judge.
This is an appeal by the plaintiff B & D, Inc. of Miami, from a final decree in favor of the defendant, E-Z Acceptance Corporation, in a suit for the cancellation of loans alleged to be usurious under § 687.07 Fla. Stat., F.S.A.
The sole issue before the chancellor was whether the relationship between the parties was that of borrower-lender or seller-purchaser. If the former, it is alleged that the transactions would be usurious and would require forfeiture of both the principal and interest under § 687.07, supra.
The parties submitted the case to the chancellor on depositions and documentary evidence. On final hearing, the chancellor denied the relief requested by plaintiff. The chancellor also denied the relief requested by the defendant in a counterclaim, however, that portion of the decree is not here on appeal.
The relationship between the parties began in September, 1961. During the period of the relationship, the plaintiff operated a used car lot, selling used cars as a qualified retail installment seller within the meaning of § 520.03, Fla.Stat., F.S.A. of the Motor Vehicle Finance Law of this state. The defendant was licensed under § 520.03 as a sales finance company from the beginning of the period until November, 1962, when the license was retained for cancellation by a field auditor of the Florida Comptroller’s Office.
*30 The procedure followed by the parties was substantially the same in the five hundred and thirty-two transactions over a period of about three years in which the relationship continued: plaintiff would sell a car to a customer and take back an installment contract, this contract would be assigned to the defendant who would notify the purchaser of its interest in the contract .and advise the purchaser to continue making payments to the plaintiff unless later notified to make payments directly to the defendant. Initially, the defendant would turn over 50% of the face value of each •contract, but this was changed to 60% in March, 1962. The defendant turned over the money to plaintiff simultaneously with its receipt of the contract and assignment. In return, the defendant initially received 100% of the first 50% of the payments. This arrangement was changed so that the defendant would receive 50% of all the payments and this was thereafter changed to 60%. Plaintiff was required to make weekly payments on the contracts to the defendant in money or new contracts or both.
The plaintiff asserts various reasons why these transactions should be considered loans. Among these are: the defendant did not care to whom the cars were sold; the defendant never turned down any contract; plaintiff collected payments made on the contracts; and, plaintiff was obligated to guaranty payments.
In the case of Starker v. Heckart, 200 Or. 573, 267 P.2d 219 (1954) the Supreme Court of Oregon concluded that certain transactions were sales where the seller in order to secure financing entered into an •arrangement with another by which the latter took assignments of conditional sales •contracts for the amounts owing thereon, less interest, insurance and finance charges ■under an agreement that the seller should ■collect the installments coming due on the contracts and turn the proceeds over to the party financing the contracts. The seller was also required to execute a written guaranty of payment of all contracts so assigned.
In Indian Lake Estates, Inc. v. Special Investments, Inc., Fla.App.1963, 154 So.2d 883, the Second District said at page 891:
“A transfer at a discount of installment sales contracts covering tangible personal property or real estate is regarded as a sale, not a loan, despite a provision for recourse or guaranty. See 165 A.L.R. 695-697.”
We have concluded from the above and a review of the record that there is sufficient evidence to support a finding by the chancellor that the transactions involved herein were sales and not loans.
The plaintiff also asserts that it is the policy of this state to subject unlicensed sales finance companies to the usury laws. In support of this assertion, the plaintiff cites an opinion of the Attorney General, 1958 Op.Atty.Gen. 058-56, February 18, 1958. However, that opinion indicates that either the retail seller or the sales finance company must be registered under the Motor Vehicle Sales Finance Law, and contracts held by unlicensed sales finance companies may be violative of the general usury statutes unless purchased from licensed retail sellers.
The plaintiff is a licensed retail seller under § 520.03, supra, and therefore, contracts purchased from it by the defendant are not subject to the general usury statutes.
Having determined that the chancellor was correct in denying the relief requested by the plaintiff the decree appealed from is therefore, affirmed.
Affirmed.